UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOE BROWN,

      Plaintiff,

v.                                                    Case No. 3:13cv572/LC/CJK

RICHARD COMERFORD, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

     Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 10). Upon review of the amended complaint, the court concludes that all of plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted, except for plaintiff's individual capacity claims for nominal damages against defendants Gielow, Suttles, Enfinger, Carr and Moore arising from their alleged retaliation against plaintiff for filing a grievance, and plaintiff's individual capacity claims for nominal damages against Gielow, Suttles and Enfinger for their alleged use of excessive force.

## BACKGROUND AND PROCEDURAL HISTORY

     Plaintiff is an inmate of the Florida penal system currently confined at Santa Rosa Correctional Institution (Santa Rosa CI). (Doc. 10, p. 2). Plaintiff's amended complaint names as defendants Michael Crews, Secretary of the Florida Department

of Corrections, and six prison officials at Santa Rosa CI:  Warden Richard Comerford, Lieutenant S. K. Enfinger, Lieutenant Gielow, Sergeant M. Suttles, Officer Carr and Officer Moore.  (*Id*.).  Plaintiff sues the defendants in their individual and official capacities.  (*Id*., p. 1).  Plaintiff claims defendants Carr and Moore subjected him to cruel and unusual punishment in violation of the Eighth Amendment on April 7, 2013, when they verbally harassed plaintiff, in front of other inmates, about plaintiff's medical condition.  (*Id*., Statement of Facts ¶ 2 and Statement of Claims ¶ 3).  Plaintiff alleges that after the incident, he submitted a grievance to the Warden "on defendants col Carr and col Moore and other security officials due to his past experience of knowing that who will be involved in any reprisal and retaliation." (*Id*., Statement of Facts ¶ 3).  Plaintiff claims that two days later on April 9, 2013, defendants Enfinger, Gielow and Suttles violated his rights under the First, Eighth and Fourteenth Amendments when:  (1) Gielow and Suttles threatened to spray plaintiff with a chemical agent, place plaintiff on property restriction and write plaintiff a false disciplinary report, in retaliation for plaintiff's filing the April 7, 2013 grievance, and (2) Gielow, Suttles and Enfinger followed through with that threat by spraying plaintiff with a chemical agent and placing him on property restriction inside a strip cell.  (*Id*. at ¶¶ 1, 4-6, 12, and Statement of Claims ¶ 1, 3, 4).  Plaintiff alleges that after his post-use-of-force shower, defendants Enfinger, Suttles, Carr and Moore threatened plaintiff that he would again be sprayed and placed on property restriction if he continued to file grievances.  (*Id*. at ¶ 6).  Plaintiff seeks to hold Warden Comerford liable for the alleged retaliation on  the grounds that the April 7, 2013 grievance put Comerford on notice that plaintiff would be retaliated against for exercising his First Amendment rights, and Comerford failed to act on plaintiff's complaint.  (*Id*., Statement of Facts ¶¶ 3, 7, 14, and Statement of

Claims ¶ 6).  Plaintiff seeks to hold Secretary Crews liable for the actions of the other defendants on the grounds that it was Crews' duty to "provide an environment free from victimization by staff, and procedures to provide internal due process within the prison setting."  (*Id.*, Statement of Claims ¶ 8).  As relief, plaintiff seeks compensatory and punitive damages against the defendants in their individual capacities, injunctive relief against the defendants in their official capacities and any additional relief the court deems just, proper and equitable.  (*Id.*, Relief Requested).

## DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case (or any claims therein) if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  In determining whether the complaint states a claim upon which relief may be granted, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  There are a few exceptions to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice.  5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008).  Further, only well pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the

plaintiff. *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009))); *see also Randall v. Scott*, 610 F.3d 710, 709-10 (11th Cir. 2010) (holding that a district court determining whether to dismiss a complaint for failure to state a claim "shall begin by identifying conclusory allegations that are not entitled to an assumption of truth – legal conclusions must be supported by factual allegations."); *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)[1] (stating that "unwarranted deductions of fact are not admitted as true").  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.  A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim.  *Id.*  The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, that is, "across the line from conceivable to plausible."  *Id.*, 550 U.S. at 570, 127 S. Ct. at 1974.

DISCUSSION

<u>Plaintiff's Claims Against Defendants Crews and Comerford Should Be Dismissed For Failure To State a Claim</u>

Plaintiff seeks to hold Secretary Crews and Warden Comerford liable for their subordinates' alleged retaliation on the theory that Crews and Comerford were deliberately indifferent to the unconstitutional conditions of plaintiff's confinement. Plaintiff mentions Secretary Crews nowhere in his Statement of Facts.  Plaintiff's Statement of Claims explains the basis for Crews' liability:

> The actions of defendant (secretary of F.D.O.C.) Michael Crews who is complied [sic] by Florida law not to permit or allow certain types of punishments.  Further, it is required that this defendant provide an environment free from victimization by staff, and procedures to provide internal due process within the prison setting.  Acting under the color of State law, constituted deliberate indifference and contributed to a proximate cause of the plaintiff[']s constitutional injury and the conduct of the defendant deprived the plaintiff of rights, privileges, and immunities secured by the constitution or laws of the United States that violated the plaintiff[']s constitutional rights of the First eighth, Fourth, and fourteenth amendment of the United States constitution.

(Doc. 10, Statement of Claims ¶ 8).

Plaintiff describes his claim against Warden Comerford as follows:

> The adverse action of defendant R. Comerford (Warden) is liable he personally participated in the alleged constitutional violations, he

knew and was put on notice and was aware of the plaintiff prison complaint and condition, which he totally ignored it he allowed his subordinates to act unlawfully but failed to stop them from doing so, that constituted deliberate indifference.  Defendant R. Comerford breached a legal duty to the plaintiff the breach of duty was the "proximate cause" of the plaintiff[']s constitutional injury, there is a causal connection between actions of the supervising official and the alleged constitutional violation.

(Doc. 10, Statement of Claims ¶ 6).

"Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676, 129 S. Ct. 1937; *id.* at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct.").  "[S]upervisors are liable under [section] 1983 'either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation.'"  *Myers v. Bowman*, 713 F.3d 1319, 1328 (11th Cir. 2013) (*quoting Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010)); *Harrison v. Culliver*, — F.3d —, 2014 WL 1304010, at *5 (11th Cir. Apr. 2, 2014) ("[A] plaintiff seeking to hold a supervisor liable for constitutional violations must show that the supervisor either participated directly in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged unconstitutional violation.").

The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. Alternatively, the causal connection may be established when a supervisor's custom or policy . . . result[s] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the

> subordinates to act unlawfully or knew that the subordinates would act
> unlawfully and failed to stop them from doing so.

*Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (alterations in original) (internal quotation marks omitted) (citations omitted).  The factual allegations of the complaint must plausibly show that the supervisory official acted with the same mental state required to establish a constitutional claim against a subordinate. *Franklin v. Curry*, 738 F.3d 1246, 1249 (11th Cir. 2013) (holding that to state a claim under § 1983 against a supervisor for the violation of the plaintiff's constitutional rights, the court must first identify the precise constitutional violation charged, *e.g.*, deliberate indifference, and then determine whether the complaint alleges the required elements against the supervisor).  For a prisoner to prevail on a deliberate indifference claim, he must establish the following:  "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Goodman v. Kimbrough*, 718 F.3d 1325, 1331-32 (11th Cir. 2013) (internal quotation marks omitted).

Plaintiff does not allege Secretary Crews was present when Carr and Moore verbally harassed him about his medical condition; when Enfinger, Gielow and Suttles threatened plaintiff; when Enfinger, Gielow and Suttles sprayed plaintiff and placed him on property restriction; or when Enfinger, Suttles, Carr and Moore threatened plaintiff with an additional use of force.  Plaintiff's conclusory allegation that Secretary Crews was deliberately indifferent – i.e., a "formulaic recitation of the elements of a cause of action" without providing the facts from which one could draw such a conclusion – carries no weight and does not satisfy the deliberate indifference standard.

Plaintiff's allegations against Warden Comerford fare no better.  Plaintiff's factual assertions do not reasonably support an inference that Comerford "personally participated in the alleged constitutional violations."  Plaintiff does not allege that Comerford verbally harassed or threatened him, that Comerford used or authorized the use of force, or that Comerford was present during any of the incidents and failed to intervene.  Plaintiff's theory of liability against Warden Comerford is that Comerford knew or should have known, by virtue of plaintiff's grievance, that there was a substantial risk Enfinger, Gielow, Suttles, Carr and Moore would "act unlawfully," and Comerford disregarded that risk.

Merely denying a grievance, without personally participating in the unconstitutional conduct brought to light by the grievance, is insufficient to establish § 1983 liability.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory official who denied administrative grievance and otherwise failed to act based on information contained in the grievance); *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989) (holding that prisoner failed to state § 1983 claim against supervisory officials, where prisoner merely alleged the officials denied his grievance and did not allege they were personally involved in the alleged misconduct), *aff'd*, 915 F.2d 1574 (6th Cir. 1990); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) ("At a minimum, a 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct.").  The fact that plaintiff, two days before the use of

force, submitted a grievance to the warden's office expressing a general fear of reprisal by various officers, including some of the defendants, does not support an inference that  Warden Comerford knew there was a substantial risk Officers Gielow, Enfinger and Suttles would use excessive force on plaintiff.  Plaintiff has not nudged his deliberate indifference claim against Warden Comerford "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974

<u>Plaintiff's Eighth Amendment Claims Against Defendants Carr and Moore Based On Their Alleged Verbal Harassment Should Be Dismissed For Failure To State A Claim</u>

Plaintiff claims defendants Carr and Moore violated the Eighth Amendment when they used "verbal obscenities and harassment towards the plaintiff, [and] expos[ed] the plaintiff confidentiality of his sever [sic] medical condition out in the open of telling inmates and other prison officials that the plaintiff has Aids and is an Aids patient and is dyeing [sic] of Aids."  (Doc. 8, Statement of Claims ¶ 3).  The Eleventh Circuit has held that verbal taunts or abuse alone is insufficient to state a constitutional claim.  *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n. 1 (11th Cir. 1989); *see also McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (threatening language and gestures of a corrections officer do not generally violate an inmate's Eighth Amendment rights); *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) ("Hernandez's allegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim.").  Plaintiff's allegations of verbal harassment fail to state a plausible Eighth Amendment claim against Carr or Moore.

<u>Plaintiff's Claims For Compensatory And Punitive Damages Are Barred By 42</u>
<u>U.S.C. § 1997e(e)</u>

Plaintiff's only remaining individual capacity claims are: (1) plaintiff's Eighth Amendment claims for damages against defendants Enfinger, Gielow and Suttles for their alleged use of excessive force on April 9, 2013, (doc. 10, Statement of Claims ¶ 1); and (2) plaintiff's First Amendment claims for damages against defendants Enfinger, Gielow, Suttles, Carr and Moore for their alleged retaliation on April 9, 2013, (doc. 10, Statement of Claims ¶¶ 4, 5, 7). Plaintiff seeks $50,000.00 in compensatory damages and $200,000.00 in punitive damages (doc. 10, Relief Requested) as well as "any additional relief that this court deems just, proper, and equitable" (*id*., Attach. to Relief Requested) which may be liberally construed as a request for nominal damages.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by plaintiff under 42 U.S.C. § 1983 is a "Federal civil action" under this definition. It is evident from the face of plaintiff's pleadings that plaintiff was a prisoner at the time he filed this action, and that the alleged harm occurred while plaintiff was in custody. Plaintiff's compensatory and punitive damages claims are based on the mental and emotional injury plaintiff suffered as a result of defendants' alleged retaliation and/or the fact of the alleged unconstitutional conduct itself (divorced from any mental or emotional injury plaintiff suffered). Plaintiff's allegations of being sprayed with a chemical

agent and placed on property restriction in a cold strip cell do not describe more than a *de minimis* physical injury and are insufficient to satisfy § 1997e(e).  Plaintiff admits he was permitted to shower after the application of the chemical agent. Plaintiff does not identify any physical injury, much less one that required medical treatment, arising from defendants' actions.  *See Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) (concluding that in order to satisfy § 1997e(e) "the physical injury must be more than *de minimis*, but need not be significant."), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in relevant part*, 216 F.3d 970 (11th Cir. 2000); *see also, e.g., Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (holding that prisoner's claim that prison officials used excessive force when they sprayed him with pepper spray in response to his refusal to exit the shower failed to allege more than a *de minimis* physical injury and barred prisoner's request for damages); *Thompson v. Quinn*, No. 3:11cv533/RV/EMT, 2013 WL 2151715, at *12 (N.D. Fla. May 16, 2013) (prisoner failed to show more than a *de minimis* physical injury resulting from officer's use of chemical agent and was therefore subject to § 1997e(e)'s prohibition on compensatory and punitive damages) (citing cases from the Northern District); *see also Davis v. Crew*, No. 4:13cv504/MW/CAS, 2014 WL 961201, at *6 (N.D. Fla. Mar. 11, 2014) (prisoner's placement on property restriction (also referred to as "72 hour strip") where he was exposed to a cold cell did not demonstrate sufficient physical injury under § 1997e(e)).  As plaintiff fails to allege more than a *de minimis* physical injury, his claims for compensatory and punitive damages must be dismissed. *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of

compensatory and punitive damages in the absence of the requisite physical injury).

<u>Plaintiff's Requests For Injunctive Relief Are Improper</u>

Plaintiff sues the defendants in their official capacities for the following injunctive relief: "that the court give [plaintiff] assistance to file criminal charges on the defendants that is named and at all times mention [sic] in this complaint, for committing illegal criminal acts of violence on the plaintiff," (doc. 10, p. 23), and that the court order "that the plaintiff receives an emergency transferr [sic] to U.C.I." (*Id.*, p. 22).

"The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Sampson v. Murray*, 415 U.S. 61, 88, 94 S. Ct. 937, 952, 39 L. Ed. 2d 166 (1974); *Bolin v. Story*, 225 F. 3d 1234, 1242-43 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff must establish that there was a violation [of a right], that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). To establish the irreparable injury requirement, plaintiff must show that the threat of injury to him is "neither remote nor speculative, but actual and imminent." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (*quoting Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir.1989)); *see also Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical threat of future injury."). "The remedy must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established." *Lewis v. Casey*, 518 U.S. 343, 357, 116 S. Ct. 2174, 2183, 135 L. Ed. 2d 606 (1996); *see also Missouri v. Jenkins*, 515 U.S. 70, 88, 89, 115 S.

Ct. 2038, 2049-50, 132 L. Ed. 2d 63 (1995) ("[T]he nature of the . . . remedy is to be determined by the nature and scope of the constitutional violation" (citation and internal quotation marks omitted)).

Plaintiff's request that criminal charges be brought against the defendants is not properly before this court (or any other court) because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Sattler v. Johnson*, 857 F.2d 224, 226-27 (4th Cir. 1988). Similarly, a public official or agency has no affirmative constitutional duty to a member of the public to investigate, intervene, or charge an alleged crime. *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985); *Beard v. O'Neal*, 728 F.2d 894, 899 (7th Cir. 1984). Plaintiff cannot use this § 1983 proceeding to initiate criminal charges, or to require others to initiate criminal charges, against the individual defendants.

Plaintiff alleges in support of his request for a transfer that defendant Carr is the supervisor of plaintiff's dormitory, and that he fears Carr and the other defendants will retaliate against him. Plaintiff's speculation does not establish a real and immediate threat of injury, and his demand for a transfer goes far beyond the alleged nature and scope of the alleged constitutional violations. According to the allegations of plaintiff's amended complaint (and original complaint), the violation of plaintiff's constitutional rights arose from individual correctional officers' unauthorized use of force for no penological purpose and solely to retaliate against plaintiff for filing grievances. Plaintiff's allegations provide no basis to order the Florida Department of Corrections to transfer plaintiff to another institution.

CONCLUSION

Taking the allegations of plaintiff's amended complaint as true and construing them in the light most favorable to plaintiff, the only claims that have facial plausibility are plaintiff's individual capacity claims for nominal damages against defendants Gielow, Suttles, Enfinger, Carr and Moore arising from their alleged retaliation against plaintiff for filing the April 7, 2013 grievance, and plaintiff's individual capacity claims for nominal damages against Gielow, Suttles and Enfinger for their alleged use of excessive force on April 9, 2013. All other claims should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1.   That plaintiff's claims against defendants Michael Crews and Richard Comerford be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.   That plaintiff's claims for compensatory and punitive damages be DISMISSED WITHOUT PREJUDICE under 42 U.S.C. § 1997e(e).

3.   That plaintiff's claims for injunctive relief be DISMISSED WITH PREJUDICE.

4.   That this case be remanded to the undersigned for further proceedings on the following claims:

> a.   Plaintiff's individual capacity claims for nominal damages against defendants Gielow, Suttles and Enfinger for their alleged use of excessive force on April 9, 2013, in violation of the Eighth Amendment, and
>
> b.   Plaintiff's individual capacity claims against defendants Gielow, Suttles, Enfinger, Carr and Moore for their alleged retaliation against plaintiff on April 9, 2013, in violation of the First Amendment.

At Pensacola, Florida this 10th day of April, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).